(169 App. Div. 907)

### PALMER et al. v. FYBUSH.

(Supreme Court, Appellate Division, Fourth Department. May, 1915.)

1. EVIDENCE ⇐589—SUFFICIENCY OF EVIDENCE—ACTION BY EXECUTORS—TESTIMONY OF PARTY.

In an action by executors to recover the amount of a check given by a testatrix to defendant, *held*, that the ordinary presumption arising from the possession of the check by the executors was that the check was given in payment of a debt, but that such presumption was overcome by the defendant's admission to the executors out of court that no debt was paid thereby. Thereupon another presumption arose to the effect that the money transmitted by the check constituted a loan, but such presumption would ordinarily be overcome by the defendant's contemporaneous assertion that it was a gift, but that in this case, the defendant being an interested witness and his credibility being open to attack, the court and jury properly took into consideration his conduct and actions when he made the statement and admission, as well as all surrounding facts and circumstances to determine whether his assertion of a gift was credible or not. Being discredited, a verdict or decision in favor of the plaintiff, based upon the presumption of a loan should be sustained.

[For other cases, see Evidence, Cent. Dig. § 2438; Dec. Dig. ⇐589.]

2. WITNESSES ⇐159—TRANSACTIONS WITH DECEDENT—EVIDENCE—ACTION BY EXECUTORS.

In an action by executors for the proceeds of a check drawn by testatrix payable to the order of defendant, the testimony of defendant's wife relative to circumstances claimed by him to show the reasonableness of his contention that testatrix made a gift of the money to her, such as that testatrix had no near relative and left a large estate, and had shortly before her decease made gifts to others, was improperly excluded.

[For other cases, see Witnesses, Cent. Dig. §§ 629, 664, 666–669, 671–682; Dec. Dig. ⇐159.]

Appeal from Trial Term, Erie County.

Action by William Palmer and others, as executors, etc., of Rose S. Foster, deceased, against Aaron Fybush. From judgment for plaintiffs, defendant appeals. Reversed, and new trial granted.

Ferguson & Magavern, of Buffalo, for appellant.
Gibbons & Pottle, of Buffalo, for respondents.

PER CURIAM. On December 2, 1913, plaintiffs' testatrix drew her check upon the People's Bank of Buffalo, payable to the order of the defendant, for $2,470. The check was in the handwriting of testatrix and was found among her papers after her decease, with the indorsement of the payee and bearing the bank's notation of payment on the day following its date. A check stub, also in the handwriting of testatrix, purporting to relate to the check in question, was also

found among her papers. The contents of the stub were not shown upon the trial, although it would seem, if the contents of the stub were the subject of conversation between defendant and the executors, that opportunity might have been afforded to prove its contents. Suffice it to say that the entry on the stub apparently invited investigation by the executors, and they called upon defendant for an explanation of the check. With some apparent reluctance he in substance stated to them that when the check was given testatrix did not owe him anything, thus negativing a possible presumption that the instrument was given in payment of a debt or obligation of testatrix to him. It is upon such admission by defendant that plaintiffs base their right of recovery, they insisting that the presumption that the check was given for a debt having been eliminated by defendant's said admission, the only other possible presumption arose that the check evidenced a loan to defendant; and they insist that such admission furnishes ample evidence to sustain their recovery herein. After making the aforesaid admission, and upon the same occasion, defendant further stated that the check was in fact delivered to his wife, Cora A. Fybush, as a present from testatrix to her.

[1] Defendant insists that the entire admission must be taken, and that his explanation that the check was a gift to his wife completely destroyed the effect of his declaration that decedent owed him nothing. This would be so except for certain circumstances which cast suspicion upon such explanation and which tend to justify its rejection. Among such circumstances tending to negative defendant's statement that the check represented a gift to his wife may be mentioned the absence of any particular intimacy between testatrix and the alleged donee; the fact that the check was made payable to the defendant instead of the donee; no reason being shown for such a gift; the fact that the check stub in decedent's handwriting was of a nature to awaken the suspicions of the executors, and the somewhat peculiar statement of defendant when it was shown to him that he did not care anything about the stub; the apparent want of frankness, and reluctance on defendant's part to make any explanation of the check when called upon by the executors; the fact that the check was drawn for $2,470, instead of $2,500, or some other even amount, as would have been likely if testatrix were bestowing a gift of such substantial proportions, and other circumstances which might readily suggest themselves. Such circumstances would appear to be so inconsistent with defendant's claim of a gift to his wife as to permit the rejection of such claim unless other facts and circumstances be shown in support thereof.

[2] Upon the trial defendant offered to show by his wife, the alleged donee, certain circumstances claimed by him to evidence the reasonableness of the action of testatrix in making such gift, such as the fact that the testatrix had no relatives nearer than cousins; that she left an estate of more than $100,000, and had within a year or two prior to her decease made gifts to many others, and other circumstances of a similar character. Under plaintiffs' objection defendant was denied the privilege of making such proofs upon the ground that the witness was interested in the event and that a personal transaction

with a deceased person was involved. We think such evidence was improperly excluded. We do not think some, at least, of the evience offered involved a personal transaction with the deceased, and, in our opinion, in view of the existence of the circumstances above adverted to, tending to negative defendant's assertion that the check represented a gift to his wife, the circumstances which he sought to prove became quite pertinent to issues. We think the judgment appealed from should be reversed and a new trial granted, with costs to appellant to abide event.

Judgment and order reversed, and new trial granted, with costs to appellant to abide event. All concur.